IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-17-D

| | | |
|---|---|---|
| DODEKA, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHARON AMROLDAVIS, a/k/a/ | ) | |
| SHARON AMROL-DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

On July 31, 2009, Dodeka, L.L.C. ("Dodeka" or "plaintiff") filed this action in Brunswick County Superior Court against Sharon Amrol-Davis ("Amrol-Davis" or "defendant") to collect her unpaid credit card debt of $9,552.51, plus accrued interest, as well as court costs and $1,432.88 in attorney's fees. Compl. 1–2. On October 14, 2009, Amrol-Davis filed an answer and counterclaim for declaratory judgment. On December 30, 2009, Amrol-Davis filed an amended answer and additional counterclaim alleging that Dodeka violated the Fair Debt Collection Practices Act ("FDCPA"). On January 29, 2010, Dodeka removed the action to this court based on federal-question jurisdiction [D.E. 1]. Amrol-Davis moved to remand the case to state court [D.E. 3]. On April 23, 2010, the court granted Amrol-Davis' motion to remand and awarded reasonable attorney's fees and costs under 28 U.S.C. § 1447(c) [D.E. 12].

On April 25, 2010, Amrol-Davis moved for an award of $4,980 in attorney's fees and $659.59 in costs [D.E. 14]. Dodeka responded in opposition [D.E. 16]. As explained below, the court grants in part Amrol-Davis' motion and orders Dodeka to pay Amrol-Davis $3,125.10.

I.

Under 28 U.S.C. § 1447(c), "[a]n order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). When awarding actual expenses, including attorney's fees, under 28 U.S.C. § 1447(c), a court first determines the "lodestar" amount (reasonable hourly rate multiplied by hours reasonably expended), and then must apply the Johnson/Barber factors. See, e.g., Cent. Cab Co. v. Cline, 972 F. Supp. 370, 373 & n.4 (S.D. W. Va. 1997) (applying Johnson/Barber factors to a fee request under section 1447(c)); see also Grissom v. Mills Corp., 549 F.3d 313, 320–21 (4th Cir. 2008); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n.28 (4th Cir. 1978) (adopting twelve-factor test set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)). This lodestar figure "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Johnson/Barber factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987). In considering the Johnson/Barber factors, the court is to consider all twelve factors, but need not robotically list each factor or comment on those factors that do not apply. See, e.g., Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996).

Amrol-Davis requests an award of attorney's fees based on 16.6 hours expended at an hourly rate of $300 resulting in a total charge of $4,980. Amrol-Davis also requests compensation for $659.59 for Westlaw use.

Dodeka makes three objections. First, Dodeka contends that Amrol-Davis' requested hourly rate is not reasonable. Pl.'s Mem. Opp'n 2–4. It is the burden of the party requesting attorney's fees to establish the reasonableness of the requested rate. See, e.g., Westmoreland Coal Co. v. Cox, 602 F.3d 276, 289 (4th Cir. 2010); Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Plyler, 902 F.2d at 277 (quotations omitted); see, e.g., Westmoreland Coal Co., 602 F.3d at 289; Grissom, 549 F.3d at 320–21. Sufficient specific evidence includes "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 245 (4th Cir. 2009). The prevailing market rate should be determined by evidence of "what attorneys earn from paying clients for similar services in similar circumstances, which, of course, may include evidence of what the [fee applicant's] attorney actually charged his client." Depaoli v. Vacation Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007) (quotation omitted).

In support of her requested rate, Amrol-Davis provided an affidavit from her attorney, Adrian Lapas, in which Lapas states that an hourly fee of $300.00 is reasonable "for the types of claims . . . given [his] experience and results obtained." Lapas Aff. ¶ 6.

Amrol-Davis has not met her burden of establishing the prevailing market rates. See, e.g., Westmoreland Coal Co., 602 F.3d at 289; Robinson, 560 F.3d at 245; Grissom, 549 F.3d at 321. "[B]eyond the affidavit of [Lapas], [Amrol-Davis] offered no specific evidence that the hourly rates

3

sought for h[er] attorney[] coincided with the then prevailing market rates of attorneys in the Eastern District of [North Carolina] of similar skill and for similar work." Grissom, 549 F.3d at 323. Accordingly, in light of the record, the fees that Lapas has charged in similar cases,[1] Lapas' experience, the skill involved, and the relatively straightforward nature of the jurisdictional issue, the court finds that $225 per hour is a reasonable rate in this case. See, e.g., Depaoli, 489 F.3d at 622–23; O'Fay v. Sessoms & Rogers, P.A., No. 5:08-CV-615-D, 2010 U.S. Dist. LEXIS 80128, at *6 (E.D.N.C. Aug. 9, 2010) (unpublished).

Second, Dodeka contends that the court should exclude fees charged for hours not related to the motion to remand. Pl.'s Mem. Opp'n 4–6. "An order remanding a removed case to state court 'may require payment of ... attorney fees, incurred as a result of the removal.'" Martin, 546 U.S. at 134 (quoting 28 U.S.C. § 1447(c)). In exercising its discretion, a district court must independently "exclude from this initial fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 434. Amrol-Davis has failed to show how the following 3.2 hours were incurred as a result of the removal:

| Date | Hours | Description |
| --- | --- | --- |
| Feb. 3, 2010 | 0.20 | Telephone call from Young, Jeff. |
| Feb. 11, 2010 | 0.40 | Telephone conversation with opposing counsel; correspondence to opposing counsel. |
| Feb. 19, 2010 | 0.20 | E-mail from co-counsel re case and removal. |
| Mar. 8, 2010 | 0.40 | Review cases forwarded to me from colleague; e-mail to co-counsel. |
| Mar. 22, 2010 | 1.50 | E-mail to co-counsel; review cases colleague forwarded to me pertaining to Amrol-Davis Preparation of time sheets and bill of costs; affidavit. |

---

[1] See Pl.'s Mem. Opp'n Exs. 1–2.

4

| Mar. 22, 2010 | 0.30 | Receipt of notice of subpoena from plaintiff; e-mail to co-counsel. |
| Mar. 24, 2010 | 0.20 | Telephone call to McIntyre, Maria D. |

See Time Sheet 1-2. Thus, the court calculates the lodestar figure to be 13.4 hours multiplied by $225 per hour. Accordingly, the lodestar figure is $3,015.

The court has considered the twelve Johnson/Barber factors. The factors do not warrant a change to the lodestar figure. Thus, the court awards Amrol-Davis $3,015 in attorney's fees.

As for Amrol-Davis' request for $659.59 in legal research charges from Westlaw, such charges are recoverable expenses under 28 U.S.C. § 1447(c). See, e.g., Adolph Coors Co. v. Truck Ins. Exch., 383 F. Supp. 2d 93, 97 (D.D.C. 2005); Aloha Tower Assocs. Piers 7, 8 & 9, Ltd. v. Millennium Aloha, Inc., 938 F. Supp. 646, 650 (D. Haw. 1996). The court has reviewed Amrol-Davis' lawyer's Westlaw billing records which reflect charges totaling $306.00. See Westlaw Statement 1-3.

Amrol-Davis has failed to substantiate that several entries were incurred as a result of the removal. See Pl.'s Mem. Opp'n 6-7. Accordingly, the court awards Amrol-Davis $110.10 to compensate her for Westlaw charges.

II.

As explained, the court GRANTS in part defendant's motion for attorney's fees and costs [D.E. 14] and AWARDS defendant $3,125.10.

SO ORDERED. This 16 day of August 2010.

JAMES C. DEVER III
United States District Judge